Richard A. Smith
Elizabeth Zultoski
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> KIEWIT/GENERAL/MANSON, A JOINT ) <br> VENTURE: KIEWIT CORPORATION; ) <br> GENERAL CONSTRUCTION ) <br> COMPANY; and MANSON ) <br> CONSTRUCTION CO., ) <br> ) <br> Defendants. ) <br> _____ ) | COMPLAINT |

## I.    INTRODUCTION

1.    This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365.  Plaintiff Waste Action Project seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for Defendants Kiewit/General/Manson, a Joint Venture's, Kiewit Corporation's, General Construction Company's, and Manson Construction Co.'s (collectively, "K/G/M") repeated and ongoing unlawful acts proscribed by Section 301(a) of the

COMPLAINT - 1

CWA, 33 U.S.C. § 1311(a), specifically, the discharge of dredged or fill material into navigable waters without authorization by a permit issued under Section 404, 33 U.S.C. § 1344, by the United States Army Corps of Engineers ("COE"). .

## II.     JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction under Section 505(a) of the CWA, 33 U.S.C. § 1365(a).  The relief requested herein is authorized by 33 U.S.C. §§ 1319(d) and 1365(a).

3.     Under Section 505 (b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiff notified Defendants of Defendants' violations of the CWA and of Plaintiff's intent to sue under the CWA by letters dated and postmarked April 26, 2013 and delivered approximately April 30, 2013 ("Notice Letter").  A copy of the Notice Letter is attached to this complaint as Exhibit 1.  The allegations in the Notice Letter are incorporated herein by this reference.  Plaintiff notified the Defendants' Registered Agents, the Administrator of the United States Environmental Protection Agency ("USEPA"), the Administrator of USEPA Region 10, and the Director of the Washington Department of Ecology ("WDOE") of its intent to sue Defendants by mailing copies of the Notice Letter to these officials on April 26, 2013.

4.     More than sixty days have passed since the notice was served and the violations complained of in the Notice Letter are continuing or are reasonably likely to continue to occur. Defendants are in violation of the CWA.  No agency has commenced any action constituting diligent prosecution to redress these violations.

5.     The source of the violations complained of is located in King County, Washington, within the Western District of Washington, and venue is therefore appropriate in

the Western District of Washington pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1).

### III.    PARTIES

6. Plaintiff, Waste Action Project, is suing on behalf of itself and its members. Waste Action Project is a non-profit corporation organized under the laws of the State of Washington. Waste Action Project is a membership organization and has at least one member who is injured by Defendants' violations. Waste Action Project is dedicated to protecting and preserving the environment of Washington State, especially the quality of its waters.

7. Plaintiff has representational standing to bring this action. The recreational, economic, aesthetic and/or health interests of Waste Action Project and its members have been, are being, and will be adversely affected by Defendants' violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

8. Defendant Kiewet/General/Manson is a joint venture formed for the SR 520 construction project, comprising defendants Kiewit Corporation, General Construction Company, and Manson Construction, which are corporations authorized to conduct business under the laws of the State of Washington.

9. For their SR 520 construction project, Defendants operate tugboats on Lake Washington in and around the Kenmore Navigation Channel where the violations of the CWA took place.

### IV.    FACTS

10. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. Section 301(a)

COMPLAINT - 3

prohibits, <u>inter alia</u>, such discharges not authorized by Section 404 of the CWA, 33 U.S.C. § 1344.

11.     Section 404 of the CWA, 33 U.S.C. § 1344, provides the United States Army Corps of Engineers ("COE") with the authority to implement the permit program for the discharge of dredged or fill material into navigable waters.

12.     Defendants have violated and continue to violate Section 301(a) of the CWA, 33 U.S.C. §§ 1311(a), by discharging dredged or fill material to the waters of the United States, which remains in place, without the required permit from COE under Section 404, 33 U.S.C. § 1344.

13.     Lake Washington is a navigable waterbody located in King County, Washington.

14.     K/G/M operates or controls tugboats in Lake Washington in support of construction operations at the Kenmore Yard, 6423 NE 175th St., Kenmore, WA 98028, which are part of the SR 520 Evergreen Point Floating Bridge Project.  These operations occur in and around the Kenmore Navigation Channel, including the areas of Lake Washington in front of the Kenmore Air and Northlake Marina facilities.

15.     In the course of K/G/M's tugboat operations, the propellers and hulls of the tugboats stir up sediment and other materials from the bottom of Lake Washington and thereafter discharge the sediment and other materials into Lake Washington.  That sediment and other materials is then redeposited at other locations on the bottom of Lake Washington, including the lakebed under the Northlake Marina.  K/G/M operates or controls these tugboats and causes the discharge of sediment and other materials, which constitutes dredged material, on a daily basis.

COMPLAINT - 4

16.   K/G/M's operations have resulted in visible plumes of turbidity in Lake Washington, which have caused members of the public who live near and recreate and in Lake Washington to be seriously concerned about the effects on water quality, wildlife, and recreation.

17.   K/G/M's discharges of dredged material into Lake Washington resulted in the Washington Department of Ecology's issuance of a notice of violation of water quality standards on or about December 28, 2012.  The Washington Department of Ecology also issued an Administrative Order taking an enforcement action against K/G/M on or about May 28, 2013, thereby requiring K/G/M to take certain actions to address these violations of water quality standards.

18.   The Washington Department of Ecology has documented at least two occasions where K/G/M tugboats have caused visible sediment suspension in the Kenmore Navigation Channel.

19.   During the course of K/G/M's tugboat operations, tugboats have run aground and become stuck in the lakebed of Lake Washington.  These groundings and efforts to refloat tugboats result in exacerbated disturbance of lake bottom sediments and other materials and their discharge.

20.   The dredged material that K/G/M has discharged into Lake Washington remains in place at lakebed locations different from where the material was before tugboat activities.

21.   K/G/M's discharges of dredged material have resulted in the accumulation of dredged material at the Northlake Marina.  The accumulation of dredged material impairs the ability to move and maneuver boat(s) in slips at the marina at all or without additional disturbance of redeposited material..

COMPLAINT - 5

22. The vicinity of the discharge and the affected waters are used by the citizens of Washington and visitors, as well as at least one of Plaintiff's members, for recreational activities, including swimming, boating, biking, fishing and nature watching, and educational activities. Plaintiff's member(s) also derive(s) aesthetic benefits from the affected waters. Plaintiff's and its members' enjoyment of these activities and waters is diminished by the degraded state of the affected waters and by Defendants' contributions to such degraded state. For example, Plaintiff's members are concerned that Defendants' violations have caused water quality violations in Lake Washington and harm wildlife, including salmon, which use Lake Washington.

23. Defendants have violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging dredged or fill material to navigable waters without a permit issued under Section 404, 33 U.S.C. § 1344. Defendants' violations of the CWA are additionally set forth in the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference. Defendants' violations are ongoing as the dredged or fill material they discharged to navigable waters remains, and Defendants have obtained no Section 404 permit coverage.

24. Defendants' violations of the CWA degrade the environment and the water quality of the receiving water bodies.

25. Defendants' violations were avoidable had Defendants been diligent in complying with their legal obligations.

26. Defendants have benefited economically as a consequence of their violations and their failure to implement improvements during tug and barge operations.

27. Neither the Department of Ecology, the United States Environmental Protection Agency, or COE have taken any enforcement action against Defendants for Defendants' unpermitted discharge in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

## V.     CAUSE OF ACTION

28. The preceding paragraphs and the allegations in the Notice Letter are incorporated herein.

29. Defendants' violations of the CWA described herein and in the Notice Letter constitute illegal activity proscribed by section 301 of the Clean Water Act, 33 U.S.C. §§ 1311. An unlawful act under section 301 constitutes an "effluent standard or limitation," violation of which is enforceable by Plaintiff under Section 505(a)(1), 33 U.S.C. § 1365(a)(1).

30. On information and belief, the violations committed by Defendants are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the CWA which occur after those described in Plaintiff's Notice Letter but before a final decision in this action should be considered continuing violations subject to this Complaint.

31. Without the imposition of appropriate civil penalties and the issuance of an injunction, Defendants are likely to continue to violate the CWA to the further injury of the Plaintiff, its member(s) and others.

32. A copy of this Complaint is being served upon the Attorney General of the United States and the Administrator of the USEPA as required by 33 U.S.C. § 1365(c)(3).

## VI.     RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

A. Issue a declaratory judgment that Defendants have violated and continue to be in violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, for discharging dredged or

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

fill material to navigable waters without the permit required under Section 404, 33 U.S.C. § 1344;

    B.    Enjoin Defendants from conducting additional tug and barge activities in a manner that results in further violations of the Clean Water Act;

    C.    Order Defendants to take specific actions to remediate the environmental harm caused by its violations;

    D.    Order Defendants to pay civil penalties of $37,500.00 per day of violation for each violation committed by Defendants pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19;

    H.    Award Plaintiff their litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

    I.    Award such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 10th day of September, 2013.

SMITH & LOWNEY, PLLC

By: s/Richard A. Smith  
Richard A. Smith, WSBA #21788  
Attorneys for Plaintiff  
2317 E. John St.,  
Seattle, WA 98112  
Tel: (206) 860-2883  
Fax: (206) 860-4187  
E-mail: rasmithwa@igc.org

By: s/Elizabeth H. Zultoski  
Elizabeth H. Zultoski, WSBA #44988  
Attorneys for Plaintiff  
2317 E. John St.,  
Seattle, WA 98112  
Tel: (206) 860-2883  
Fax: (206) 860-4187  
E-mail: elizabethz@igc.org

COMPLAINT - 8

EXHIBIT 1

# SMITH & LOWNEY, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883, FAX (206) 860-4187

April 26, 2013

**Via Certified Mail - Return Receipt Requested**
Managing Agent
Kiewit/General/Manson, a Joint Venture
3015 112th Ave. NE, Ste. 100
Bellevue, WA 98004

**Via Certified Mail - Return Receipt Requested**
Managing Agent
Kiewit Corporation
33455 6th Ave. S.
Federal Way, WA 98003

**Via Certified Mail - Return Receipt Requested**
Managing Agent
General Construction Company
33455 6th Ave. S.
Federal Way, WA 98003

**Via Certified Mail - Return Receipt Requested**
Managing Agent
Manson Construction Co.
P.O. Box 24067
Seattle, WA 98124

Re:   **NOTICE OF INTENT TO FILE SUIT UNDER THE CLEAN WATER ACT**

Dear Managing Agents:

   This sixty day notice of intent to file a citizen suit against Kiewit/General/Manson, a Joint Venture, Kiewit Corporation, General Construction Company, and Manson Construction Co. (collectively, "K/G/M") under Section 505 of the Clean Water Act ("CWA"), 33 USC § 1365, for the violations described below is served on behalf of Waste Action Project, P.O. Box 4832, Seattle, WA 98194, (253) 639-7245. Any response to this letter should be addressed to the undersigned counsel for Waste Action Project at the letterhead address.

   K/G/M has violated and continues to violate Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a) and 1344, by discharging dredged material to the waters of the United States without the required permit from the United States Army Corps of Engineers. This dredged material has been discharged in the course of tugboat operations in Lake Washington

Notice of Intent to Sue - 1

in and near the Kenmore Navigation Channel, including the areas of Lake Washington in front of the Kenmore Air and Northlake Marina facilities. The tugboat operations support K/G/M activities at the Kenmore Yard, 6423 NE 175th St., Kenmore, WA 98028. Some of the tugboat activities at issue were the subject of notice of violation no. 9652 issued by the Washington Department of Ecology to Kiewit/General/Manson, a Joint Partnership, on December 28, 2012. Specifically, K/G/M operates tugboats in and near the Kenmore Navigation Channel in a manner that results in the disturbance, suspension, and redeposit of lake bottom sediments by tugboat propellers, propeller wash, and hull movement. These tugboat operations are effectively dredging the Kenmore Navigation Channel and surrounding waters, which are not always deep enough for tugboat navigation without sediment disturbance. The disturbance and redeposition of sediment causes significant water quality impacts and degradation, including violation of turbidity water quality criteria. See WAC 173-201A-200(e).

The tugboat operations result in the excavation of sediment from the lake bottom and its redeposit in surrounding locations. This constitutes the discharge of dredged material. See 33 C.F.R. § 323.2(d). A permit from the United States Army Corps of Engineers is required for this discharge. See 33 C.F.R. § 323.3(a) and 33 U.S.C. § 1344. K/G/M has no such permit for this discharge, so it violates the Clean Water Act. See 33 U.S.C. § 1311(a).

K/G/M's violation of the Clean Water Act by the unpermitted discharge of dredged material has taken place on a daily basis since approximately March 2012, including on the following particular dates:

| | | |
|---|---|---|
| March 3, 2012 | June 4, 2012 | Sept. 26, 2012 |
| March 4, 2012 | June 7, 2012 | Sept. 29, 2012 |
| March 8, 2012 | June 18, 2012 | October 2, 2012 |
| March 19, 2012 | June 19, 2012 | October 3, 2012 |
| March 21, 2012 | June 20, 2012 | October 14, 2012 |
| March 25, 2012 | June 22, 2012 | Nov. 12, 2012 |
| March 28, 2012 | June 28, 2012 | Nov. 28, 2012 |
| March 29, 2012 | June 29, 2012 | Nov. 29, 2012 |
| April 2, 2012 | July 1, 2012 | Dec. 6, 2012 |
| April 8, 2012 | July 10, 2012 | Dec. 13, 2012 |
| April 9, 2012 | July 20, 2012 | Dec. 14, 2012 |
| April 10, 2012 | July 23, 2012 | Dec. 18, 2012 |
| April 11, 2012 | July 24, 2012 | Dec. 19, 2012 |
| April 12, 2012 | July 26, 2012 | Dec. 20, 2012 |
| April 13, 2012 | August 1, 2012 | January 2, 2013 |
| April 16, 2012 | August 2, 2012 | January 3, 2013 |
| April 18, 2012 | August 14, 2012 | January 4, 2013 |
| April 21, 2012 | August 16, 2012 | January 7, 2013 |
| April 25, 2012 | Sept. 12, 2012 | January 8, 2013 |
| April 30, 2012 | Sept. 18, 2012 | January 9, 2013 |
| May 3, 2012 | Sept. 19, 2012 | January 10, 2013 |
| May 25, 2012 | Sept. 20, 2012 | January 14, 2013 |

| | | |
|---|---|---|
| January 22, 2013 | February 19, 2013 | March 17, 2013 |
| January 24, 2013 | February 27, 2013 | March 18, 2013 |
| January 25, 2013 | February 28, 2013 | April 6, 2013 |
| February 7, 2013 | March 1, 2013 | April 12, 2013 |
| February 11, 2013 | March 6, 2013 | April 15, 2013 |
| February 13, 2013 | March 7, 2013 | April 16, 2013 |
| February 15, 2013 | March 14, 2013 | |
| February 18, 2013 | March 16, 2013 | |

The above-described violations reflect only what information currently available to us indicates. These violations are ongoing both because the tugboat operations resulting in the unpermitted discharges are likely to continue and because the discharged dredged material remains in the locations where it has been redeposited while K/G/M continues to have no permit issued under 33 U.S.C. § 1344. We intend to sue for all violations, including those yet to be uncovered and those committed after the date of this notice of intent to sue.

Under Section 309(d) of the CWA, 33 USC § 1319(d), and 40 C.F.R. 19, each of the above-described violations subjects the violator to a penalty of up to $37,500 per day. In addition to civil penalties, we will seek injunctive relief under Sections 505(a) and (d) of the CWA, 33 USC § 1365(a) and (d), and such other relief as is permitted by law. Also, Section 505(d) of the CWA, 33 USC § 1365(d), permits prevailing parties to recover costs including attorney's fees.

Waste Action Project believes that this NOTICE OF INTENT TO SUE sufficiently states grounds for filing suit. We intend, at the close of the 60-day notice period, or shortly thereafter, to file a citizen suit against Kiewit/General/Manson, a Joint Venture, Kiewit Corporation, General Construction Company, and Manson Construction Co. under Section 505(a) of the Clean Water Act for violations.

During the 60-day notice period, we would be willing to discuss effective remedies for the violations in this letter and settlement terms. If you wish to pursue such discussions in the absence of litigation, we suggest that you initiate those discussions within 10 days of receiving this notice so that a meeting can be arranged and so that negotiations may be completed before the end of the 60-day notice period. We do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

Very truly yours,

SMITH & LOWNEY, P.L.L.C.

By: _____

Richard A. Smith
Elizabeth Zultoski

Notice of Intent to Sue - 3

Cc (via certified mail, return receipt requested):

    Bob Perciasepe, Acting Administrator, U.S. EPA
    Dennis McLerran, Region 10 Administrator, U.S. EPA
    Ted Sturdevant, Director, Washington Department of Ecology
    CT Corporation System, 505 Union Ave. SE, Ste. 120, Olympia, WA 98501
    Richard L. Dolmseth, 5209 E. Marginal Way S., Seattle, WA 98134